FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

CLAYTON KIRBY,
on behalf of himself and
all other similarly situated

    Plaintiff,

vs.                                                          CASE NO.: 3:12-cv-697-J20-MCR

PROFESSIONAL ASSOCIATION
MANAGEMENT, INC. and STEPHEN
SULKEY, an individual,

    Defendant.

_____/

## O R D E R

    **THIS CAUSE** is before the Court on Defendants, Professional Association Management,

Inc., and Steven Sulkey, "Motion for Summary Judgment and Memorandum of Law in Support"

(Dkt. 18) and Plaintiff, Clayton Kirby's, "Response to Defendants Motion to Dismiss." (Dkt. 21.)

Defendants seek summary judgment as a matter of law for all claims asserted by Plaintiff for

violations of the Federal Debt Collection Practices Act ("FDCPA") and the Florida Consumer

Collection Practices Act ("FCCPA").  (Dkt. 18 at 1–2.)

## I. Background and Procedural History

    This action was instituted on June 20, 2012 when Plaintiff filed a Complaint in United

States District Court.  (Dkt. 1.)  Plaintiff owns property in a development known as the Saylor's

Watch Townhomes, which is governed by a "Declaration of Covenants, Conditions, and

Restrictions" ("DCCR").  (Dkt. 18 at 2.)  Saylor's Watch Home Owners Association, Inc.,

("HOA") enforces the DCCR through a contract with Professional Association Management.

(*Id.*)  This includes "among other things, collect[ing] assessments which may become due to the

Association."  (*Id.*)

Plaintiff incurred a debt to Saylor's Watch Home Owners Association, Inc., ("HOA") for

"personal, family, household services."  (Dkt. 8 ¶ 6.)  Plaintiff failed to remain current on the

debt, and Defendants sent a single collection letter to Plaintiff.  (*Id.*)  The letter stated that if

Plaintiff did not take action by establishing and complying with a payment plan, Defendants

would "use personal judgment and sheriff sale of [the] property as a means of collecting [the]

debt and that no other plan will be accepted, only full payment of [the] debt."  (*Id.* at ¶ 8.)

According to the Amended Complaint, this letter was sent despite the debt being invalidated.

(*Id.* at ¶ 7.)  Plaintiff alleges the statements concerning "personal judgment and sheriff sale of the

property" contained in the letter violate the FDCPA, 15 U.S.C. § 1692 *et seq.*, and the FCCPA,

section 559.55 *et seq.* of the Florida Statutes.  (*Id.* at ¶ 2.)

In Count I of the Amended Complaint, Plaintiff alleges the Defendants violated Fla. Stat.

§ 559.72(9) by attempting to collect an invalid or illegitimate debt.  (*Id.* at ¶ 23 (b).)  In addition,

Plaintiff claims the language included in the letter sent by Defendants regarding "personal

judgment and sheriff sale of the property" amounts to abuse or harassment of the debtor, in

violation of § 559.72(7).  (*Id.* at ¶ 23(a).)

Count II alleges the Defendants violated sections of the FDCPA, specifically 15 U.S.C.

§§ 1692d–1692f.  (*Id.* at ¶ 39.)  Plaintiff claims the statements contained in the collection letter

regarding the "personal judgment and sheriff sale of the property" are harassment and abuse

2

because the Defendants cannot legally take those actions. (*Id.*) Plaintiff further alleges that the Defendants used "false, deceptive, or misleading representations in connection with debt collection" and "unfair or unconscionable means" to collect the debt. (*Id.*)

On August 13, 2012, Defendants filed a motion to dismiss seeking to have § 559.72(7) of Count I and 15 U.S.C. § 1692d of Count II dismissed because Plaintiff failed to state a claim upon which relief can be granted. (Dkt. 9.) This Court granted Defendants' motion. (Dkt. 16.) Defendants now seek summary judgment on the remaining FDCPA and FCCPA claims. (Dkt. 18.) Defendants maintain they are not debt collectors under the FDCPA, and therefore, not liable for violations of the Act. (Dkt. 18 at 4.) As for the FCCPA claim, Defendants, once again, allege they are not debt collectors. (*Id.* at 6.) In addition, Defendants allege they are not liable for violations of § 559.72. (*Id.*) Defendants contend that the FCCPA should follow the same logic as the FDCPA; because they are not debt collectors, they are not liable under the FCCPA as a whole. (*Id.* at 6.) To that end, Defendants ask this Court to narrowly construe the term "person" within § 559.72 to include only those who qualify as debt collectors. (*Id.* at 8.)

Plaintiff's response to Defendants motion is limited. Plaintiff requests that summary judgment be denied solely on the basis that "Defendant collects on the debts of another party and is therefore a debt collector pursuant to the FDCPA." (Dkt. 21 at 2.) Moreover, with regard to the FCCPA, Plaintiff claims Defendants incorrectly state that the FCCPA only applies to debt collectors. (*Id.*)

## II. Standard of Review

Summary judgment is proper if following discovery, the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file show that there is no genuine issue as to any

3

material fact in dispute and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); Fed. R. Civ. P. 56. The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotations omitted). Once the movant has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions of file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).

This Court recognizes that it may not decide genuine factual disputes at the summary judgment stage. *Fernandez v. Bankers Nat'l Life Ins. Co.*, 906 F.2d 559, 564 (11th Cir. 1990). A dispute about a material fact is genuine, and summary judgment is inappropriate, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995). The district court must view all evidence most favorably toward the nonmoving party, and all justifiable inferences are to be drawn in the nonmoving party's favor. *Whatley v. CNA Ins. Cos.*, 189 F.3d 1310, 1313 (11th Cir. 1999). If the district court finds, under the relevant standards, that reasonable jurors could find a verdict for the nonmoving party since a disputed factual issue exists, judgment should be denied. However, there must exist a conflict in substantial evidence to pose a jury question. *Walker v. Nationsbank of Florida N.A.*, 53 F.3d 1548, 1555 (11th Cir. 1995) (quoting *Verbraeken v. Westinghouse Elec. Corp.*, 881 F.2d 1041, 1045 (11th Cir. 1989)).

4

### III. Discussion

Defendants seek summary judgment on the remaining FDCPA and FCCPA claims. As to the FDCPA, Defendants maintain summary judgment is appropriate because they are not debt collectors as that term is defined by 15 U.S.C. § 1692a(6). As to the FCCPA claim, Defendants ask this Court to read § 559.72 *in pari materia* with § 559.55(6) and grant summary judgment in Defendants favor.

#### A. Federal Debt Collections Practices Act (FDCPA).

Plaintiff alleges Defendants violated 15 U.S.C. § 1692e–f by asserting the legal right to seize Plaintiff's property through a sheriff's sale. Defendants seek summary judgment by asserting that because they are not a debt collector as that term is defined in 15 U.S.C. § 1692a(6)(F), they cannot, therefore, be liable for violations of the FDCPA. (Dkt. 18 at 1.)

The FDCPA is a strict liability statute created to discourage and prevent abusive debt collection practices. 15 U.S.C. § 1692; *See Oppenheim v. I.C. Sys., Inc.,* 627 F.3d 833, 837 (11th Cir. 2010). In order to prevail on an FDCPA claim, a plaintiff must show: (1) the plaintiff is "the object of a collection activity arising from consumer debt;" (2) the defendant is "a debt collector as defined by the FDCPA;" and (3) the defendant has "engaged in an act or omission prohibited by the FDCPA." *McCorriston v. L.W.T., Inc.,* 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008). The FDCPA provides a clear definition of what persons and entities fall within the definition of a debt collector. *See* 15 U.S.C. § 1692a(6). However, the following are specifically excluded from that definition:

> any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which

5

was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a(6)(F).

Property management companies often fall within the exception of § 1692a(6)(F)(i) because they collect overdue assessments from association members pursuant to a fiduciary obligation. *Madura v. Lakebridge Condo. Ass'n Inc.*, No. 8:07-cv-00274-T17EAJ, 2009 WL 536537, *3 (M.D. Fla. March 3, 2009). To determine whether a fiduciary obligation exists, courts have found significant importance in the relationship between the property manager and the property owner prior to the collection of the debt. *Sanz v. Fernandez*, 633 F. Supp. 2d 1256, 1362 (S.D. Fla. 2009). The fiduciary relationship satisfies § 1692a(6)(F)(i) if the property manager collects overdue assessments as part of its obligation to maintain all aspects of the property. *Reynolds v. Gables Residential Serv.'s Inc.*, 428 F. Supp. 2d 1260, 1264 (M.D. Fla. 2006).

Nevertheless, a property manager may qualify as a debt collector if the main purpose of its relationship with the property owner is to collect a debt. *Sanz*, 633 F. Supp. 2d at 1361. In deciding whether the principal purpose is debt collection, "courts have considered whether a party has held itself out as a debt collector and also the volume, frequency, pattern, and history of a party's debt collection activity." *Id.*

The Southern District of Florida was confronted by this issue in *Sanz. Id.* The property manager advertised debt collection on its website and was retained *after* the tenants account was in default. *Id.* at 1362. Furthermore, the property manager failed to allege any fiduciary obligation to the property owner. *Id.* The court, therefore, concluded that the property manager

6

was retained *solely* to collect a debt. *Id.* As a result, the court found the fiduciary relationship

lacking, and that the property manager fell within the definition of a debt collector pursuant to §

1692a(6). *Id.*

Defendants allege that they are in a fiduciary relationship with the HOA because

Defendants acted pursuant to an "Agreement for Management Services." (Dkt. 18 at Exhibit 1.)

This agreement grants authority to "bill, request, demand, collect, receive, and give receipt for all

assessments which may be due to the association." (*Id.* at Exhibit 1(IV)(A)(5).) By collecting

assessments and fees due to the association as the property manager, Defendants fulfilled their

fiduciary obligation under the "Agreement for Management Services." (*Id.* at 4.) As such,

Defendants maintain they are not debt collectors pursuant to § 1692a(6)(F)(i). (*Id.* at 5.)

In the instant case, unlike the relationship discussed in *Sanz*, Defendants were not hired

for the sole purpose of debt collection after the debt was already in default.[1] Instead, the

Defendants acted pursuant to the "Agreement for Management Services" to collect overdue

assessments. In fact, Defendants were responsible for a variety of services including: property

supervision; recommending appropriate insurance forms and policies; and preparing an annual

operating budget. (Dkt. 18, Exhibit 1.) It is clear that Defendants do not qualify as debt

collectors pursuant to § 1692a(6)(F)(i) because of the fiduciary relationship arising from the

"Agreement for Management Services." *See Mandura*, 2009 WL 536537, *3; *Reynolds*, 428 F.

Supp. 2d at 1264. Therefore, Plaintiff is unable to prevail on his FDCPA claim. *See*

*McCorriston*, 536 F. Supp. 2d at 1273.

---

[1] The agreement between Defendants and the HOA was entered into on May of 2007.
(Dkt. 18, Exhibit 1.)  The collection letter was sent to Plaintiff on April 23, 2012 (Dkt. 1, Attach
1.)

Since there is no genuine issue of material fact, Defendants are entitled to summary judgment on this claim.

B. Florida Consumer Collection Practices Act (FCCPA).

Plaintiff alleges that Defendants violated Florida Statute § 559.72(9) by asserting the legal right to seize Plaintiff's property through a sheriff's sale. (Dkt. 8 at 23(b).) Defendants seek summary judgment as a matter of law by alleging that they are not debt collectors pursuant to § 559.55(a)(6)(f). In addition, Defendants ask this Court to follow the same logic as the FDCPA; because they fall under an exception to the definition of a debt collector, they should not be liable for other violations of the FCCPA. (Dkt. 18 at 9.)

Like its federal counterpart, the FCCPA's definition of a debt collector recognizes an exception for those acting pursuant to a fiduciary obligation. *See* § 559.55(a)(6)(f). However, there is a subtle difference between these Acts. The FCCPA dictates that in collecting consumer debts, "no *person* shall . . . assert the existence of some other legal right when such person knows that the right does not exist." § 559.72(9) (emphasis added). Defendants acknowledge that § 559.72 prohibits certain activities by any "person" attempting to collect a debt, whereas its federal counterpart refers only to "debt collectors." (Dkt. 18 at 6.) However, Defendants ask this Court to read § 559.72 *in pari materia* with § 559.55(6). (*Id.* at 8.) This would allow the term "person" to be construed narrowly to include only those who qualify as debt collectors. (*Id.*) Defendants contend that this reading of the term "person" would better adhere to the context and purpose of the FCCPA. (*Id.* at 7.) If construed in this manner, Defendants allege they would not be liable for violations of § 559.72. (*Id.*)

When a district court has original jurisdiction over a civil claim it may gain supplemental

8

jurisdiction over all related state claims pursuant to 28 U.S.C. § 1367(a). However, a district court may decline to exercise supplemental jurisdiction if it dismisses the claims over which it had original jurisdiction. *See Lacasa v. Townsley*, No. 12-22432-CIV-ZLOCH, 2012 WL 3276965, *7 (S.D. Fla. July 25, 2012); *see also Craig v. Park Fin. of Broward Cnty. Inc.*, 390 F. Supp. 2d 1150, 1155 (M.D. Fla. 2005). According to the United States Code:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c)(1)–(4).

Ultimately, it is within the district courts discretion to exercise supplemental jurisdiction over state law claims when the federal component has been dismissed. *See Reynolds*, 428 F. Supp. 2d at 1264–65. Upon due consideration, this Court declines to exercise supplemental jurisdiction over Plaintiff's FCCPA claims. Therefore, Plaintiff may raise his FCCPA claims in state court, but they will not remain with this Court.

Accordingly, it is **ORDERED**:

1. Defendants "Motion for Summary Judgment and Memorandum of Law in Support" (Dkt. 18) is **GRANTED in Part**;

2. Count I of the Amended Complaint is **DISMISSED without prejudice** because this

Court declines to exercise supplemental jurisdiction over Plaintiff's FCCPA claims;

    3. Count II of the Amended Complaint is **DISMISSED with prejudice**; and

    4. The Clerk is directed to **terminate** all pending motions and **close** this case.

**DONE AND ENTERED** at Jacksonville, Florida, this 9_ day of November, 2012.

                            HARVEY E. SCHLESINGER
                            UNITED STATES DISTRICT JUDGE

Copies to:
Max Story, Esq.
Jennifer McCarthy, Esq.
Richard Ramsey, Esq.
Richard Lasseter, Esq.